UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| JOHN DEERE CONSTRUCTION & FORESTRY COMPANY, | ) ) ) | |
| | ) | No. 6:25-CV-186-CHB-HAI |
| Plaintiff, | ) ) | |
| | ) | RECOMMENDED DISPOSITION |
| v. | ) ) | |
| JESS W. BOWLING, *et al.*, | ) ) | |
| Defendants. | ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On referral, the Court considers Plaintiff John Deere Construction and Forestry Company's motion for default judgment against Defendant Paul LeBlanc.  D.E. 15; D.E. 20.

Plaintiff filed this suit alleging breach of contract against Defendants Jess W. Bowling and Paul L. LeBlanc on October 26, 2025.  D.E. 1.  The Complaint alleges that LeBlanc defaulted on his obligations under five separate contracts for financed equipment by failing to make required payments.  *Id.* at 2.  It further alleges that, along with LeBlanc, Bowling is jointly and severally liable for breaching one of those contracts.  *Id.* at 4-5.

LeBlanc and Bowling were served with summons on November 18 and November 24, respectively.  D.E. 7; D.E. 8.  Bowling filed a timely Answer to the Complaint.  D.E. 9.  Despite adequate service, LeBlanc has not entered appearance or filed any responsive pleading.  The Clerk entered default against LeBlanc on December 23.  D.E. 10; D.E. 11.  Three months later, Plaintiff filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), requesting that the Clerk enter a default judgment "against Defendant Paul L. LeBlanc in the amount of $1,121,674.46 - individually in the amount of $729,734.24, and jointly and severally

with Defendant Jess W. Bowling in the amount of $391,945.22 . . . ."  D.E. 15 at 3.  Defendant Bowling filed a response to the motion, stating he opposed the motion insofar as it requests a default judgment as to Bowling, but that he "does not object to the entry of Default Judgment against the co-defendant, Paul LeBlanc."  D.E. 16 at 2.  Plaintiff did not file a reply.

District Judge Boom referred the motion for default judgment to the undersigned for "findings of fact, conclusions of law, and a recommendation."  D.E. 20.  After reviewing the motion, the Court ordered Plaintiff to file a supplemental affidavit clarifying its calculation of damages.  D.E. 21.  Plaintiff filed the supplement on May 8, 2026.  D.E. 22.  Accordingly, the motion is ripe for adjudication.  For the reasons described below, the undersigned recommends that Plaintiff's motion be granted as to Counts 1, 3, 4, and 5 of the Complaint, but deferred as to Count 2 due to the risk of inconsistent judgments with the non-defaulting Defendant.

## I.    Legal Standards

Even though the motion is unopposed, the Court has a duty to carefully consider the facts pleaded in the Complaint as to each claim to determine whether the pleaded facts support a default judgment.  A default judgment may only issue if there is "sufficient basis in the pleadings for the judgment issued."  *United States v. $525,695.24*, 869 F.3d 429, 441 (6th Cir. 2017).

> Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party . . . .  However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment.

*Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).  Even after default, the court must still consider "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 410 (6th Cir. 2022) (quoting 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 2688.1 (4th ed. 2022)).

2

## II.    Breach of Contract Claims

Plaintiff alleges five claims of breach of contract.  Under Kentucky law,[1] a complainant must establish three elements to prove breach of contract: "(1) existence of a contract, (2) breach of that contract, and (3) damages flowing from the breach of contract." *Metro Louisville / Jefferson Cnty Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009); *see also City of Pikeville, Ky. v. Cebridge Acquisition, LLC*, No. 23-5770, 2024 WL 1804633, at *2 (6th Cir. 2024) (quoting *Brown & Brown of Ky., Inc. v. Walker*, 652 S.W.3d 624, 631 (Ky. Ct. App. 2022); *Abell v. Sky Bridge Resources, LLC*, 715 Fed. App'x 463, 467 (6th Cir. 2017).

The question now is whether the facts pleaded in the Complaint, accepted as true due to the default, establish all the elements of a breach of contract claim.  The Complaint lists the following facts as to all five claims.

6.    Bowling and LeBlanc conducted business in Clay County, Kentucky as Horse Creek Mining.

7.    To conduct their business operations, they purchased certain equipment with financing from Deere through 5 separate written agreements.

8.    Bowling and LeBlanc have defaulted on their contractual obligations by failing and/or refusing to make the required payments.

9.    All conditions precedent to brin[g]ing this action are satisfied.

10.    Deere has suffered damages including compensatory damages, contractual interest, contractual attorneys' fees, repossession fees, costs to recover and dispose of the Collateral, and equipment depreciation.

---

[1]  The contracts at issue have provisions agreeing that the contract will be governed by Iowa law.  *See, e.g.*, D.E. 1-1 at 5.  Plaintiff does not discuss this in the motion for default judgment or the Complaint.  Regardless, Kentucky contract law governs the case.  Federal courts sitting in diversity apply the choice-of-law rules of the forum state. *Performance Contracting Inc. v. DynaSteel Corp.*, 750 F.3d 608, 611 (6th Cir. 2014).  "Kentucky courts are egocentric concerning choice of law questions."  *Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 291 (6th Cir. 2000). "Kentucky law will apply to a contract issue if there are sufficient contacts and no overwhelming interests to the contrary, even if the parties have voluntarily agreed to apply the law of a different state."  *Harris Corp. v. Comair, Inc.*, 712 F.2d 1069, 1071 (6th Cir. 2000) (citing *Breeding v. Massachusetts Indem. and Life Ins. Co.*, 633 S.W.2d 717 (Ky. 1982)).

D.E. 1 at 2.  The Complaint continues by identifying the dates of execution, the outstanding balance, and more specific damages for each contract.  For each count, Plaintiff specifically alleges that Defendant LeBlanc's "breach of the Contract has harmed Deere in the amount of the collective unpaid balance, repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs."  *See, e.g., id.* at 3.

Accepting the facts in the Complaint, as well as the attached contracts, as true, the elements of breach of contract are met for all five claims.  First, the Complaint establishes the "existence" of five contracts.  Under Kentucky law, a contract must contain "definite and certain terms setting forth promises of performance to be rendered by each party" with "mutuality of obligations." *Kovacs v. Freeman*, 957 S.W.2d 251, 254 (Ky. 1997) (citing *Fisher v. Long*, 172 S.W.2d 545 (1943)).  To prove that a contract exists, "a plaintiff must show an 'offer and acceptance, full and complete terms and consideration.'"  *Ramsey v. Dapple Stud, LLC*, 701 S.W.3d 529, 537 (Ky. 2024) (quoting *Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 834 (Ky. 2013)).  The Complaint includes five contracts, each containing LeBlanc's signature.  D.E. 1-1 at 6; D.E. 1-2 at 7; D.E. 1-3 at 6; D.E. 1-4 at 6; D.E. 1-5 at 6.  Each contract describes consideration-backed promises of performance from each party; LeBlanc purchased Plaintiff's equipment, and Plaintiff agreed to finance the purchase in exchange for monthly installment payments with set interest rates.

Second, the Complaint's allegation that LeBlanc failed to make payments on all five contracts adequately establishes both breach and damages.  *See Nami Resources Company L.L.C. v. Asher Land and Mineral, Ltd.*, 554 S.W.3d 323, 332 (Ky. 2018) (". . . because the breach alleged by Asher is Nami's failure to pay in accordance with the requirements of the contract, the same evidence that proves the breach simultaneously proves the damages.").  The measure of damages

4

in a breach of contract action is the "sum which will put the injured party into the same position he would have been in had the contract been performed." *Hibbett Sporting Goods, Inc. v. ML Georgetown Paris, LLC*, 5:18-524-DCR, 2020 WL 1170220, at *4 (E.D. Ky. 2020) (quoting *Perkins Motors, Inc. v. Autotruck Federal Credit Union*, 607 S.W.2d 429, 430 (Ky. Ct. App. 1980). "Contract damages must always be proven with reasonable certainty." *Ford Contr., Inc. v. Ky. Transp. Cabinet*, 429 S.W.3d 397, 407 (Ky. Ct. App. 2014).

Undoubtedly, LeBlanc's failure to make the required payments constitutes a breach of contract. The contracts each state that LeBlanc's "payment obligations are absolute and unconditional," and that failure to make any payments when due constitutes default. *See, e.g.*, D.E. 1-3 at 1, 3. Further, as noted above, the Complaint expressly identifies specific damages which are reasonably calculable, including the "collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs." D.E. 1 at 9. Plaintiff's motion for default judgment and supplemental affidavit provide detailed calculations of the requested damages that adequately satisfy the breach and damages elements under Kentucky law.

### A.    Calculation of Damages

In its initial motion for default judgment, Plaintiff identified the outstanding amount on all contracts. In a corresponding affidavit, Plaintiff provides more detail as to the total amount in requested damages as to all counts, including the principal amount, interest, and legal fees.[2] D.E. 15-1 at 2. The supplemental affidavit corrects typographical errors and specifically discusses the calculation of damages as to each count of the Complaint. D.E. 22. The affidavit identifies the

---

[2] The affidavit also alleges damages for "repair fees" as to Count V of the Complaint. Pursuant to Federal Rule of Civil Procedure 54(c), a default judgment cannot differ in kind or exceed in amount the demand in the moving party's pleadings. Plaintiff did not identify costs of repairs as entitled damages in its Complaint. In its supplemental affidavit, Plaintiff "waives" the cost of repairs and deducts the figure from its final calculation on Count V. D.E. 22 at ¶ 11.

outstanding principal at the time of the filing of the Complaint. It further identifies the outstanding interest at the time of the complaint, along with the increase in interest between the time of filing the complaint and the filing of the motion for default judgment. Finally, it explains the basis for the requested legal fees. Plaintiff requests $670 in legal fees on each contract, amounting to a total of $3,350.00, based on Plaintiff's counsel's flat fee for pre-discovery litigation. *Id.* at 2.

Each category of the requested damages is consistent with the relief requested in the Complaint. The undersigned further has confirmed Plaintiff's calculations are correct and devoid of typographical errors. Accordingly, the facts alleged in the Complaint satisfy the requirements for Plaintiff's breach of contract claims.

### III.    Joint and Several Liability

Finally, while Plaintiff's complaint alleges a sufficient factual basis for all of its breach of contract claims against LeBlanc, Count 2 of the Complaint is distinct in that it alleges LeBlanc shares joint and several liability with Bowling. D.E. 1 at 4-5. Plaintiff's motion states that it "requests that the Clerk of the Court enter a Default Judgement against Defendant Paul L. LeBlanc in the amount of $1,121,674.46—individually in the amount of $729,734.24, and jointly and severally with Defendant Jess W. Bowling in the amount of $391,945.22—plus cost, fees, and applicable post-judgment interest under 28 U.S.C. § 1961." D.E. 15 at 3. Bowling has appeared in the case and filed a timely responsive pleading; as such, Plaintiff is not entitled to default judgment against him.

Courts are split as to whether default judgment can be entered on a claim in which multiple defendants are alleged to have joint and several liability. The Supreme Court has held that it is improper to enter a default judgment against a defendant where joint liability is alleged. *Frow v. De La Vega*, 82 U.S. 552 (1872). The Sixth Circuit has held, "[w]hen default has been entered

against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants . . . [t]he *Frow* rule is a narrow one, however, and applies in general when the liability of the defendants is joint." *Kimberly v. Coastline Coal Corp.*, No. 87–6199, 1988 WL 93305, at *3 (6th Cir. 1988).

Some courts construe *Kimberly* as applying in cases of joint and several liability. S*ee American Nat'l Prop. & Cas. Co. v. Williamson*, 22-cv-00539, 2020 WL 7021421, at *2 (S.D. Ohio Nov. 30, 2020) (collecting cases) (finding *Frow* applicable absent joint liability because rationale of avoiding inconsistent judgments was "equally relevant"); *Gray v. DTE Energy Company Retirement Plan*, 2:24-CV-11416-TGB-EAS, 2026 WL 800186, at *3 (collecting cases) ("Nevertheless, courts have found that the 'logic underpinning the Court's decision in *Frow* is just as relevant [in the absence of joint or joint and several liability] in a case where a default declaratory judgment is sought against one defendant while other defendants remain in ongoing litigation.'"). Ultimately, whether to enter a default judgment is subject to judicial discretion. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civ.3d § 2685 (1998) (cited by *Hitachi Medical Systems America, Inc. v. Horizon Medical Group*, 5:07CV02035, 2008 WL 5704471, at *2 (N.D. Ohio 2008)).

> Pursuant to Federal Rule of Civil Procedure 54(b),
>
> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. Proc. 54(b); *see also Frankenmuth Credit Union v. Fitzgerald*, Case No. 18-12176, 2019 WL 3425222, at *3 (E.D. Mi. 2019) (stating that Plaintiff would be able to move for default judgment where the motion "seeks individualized damages from defaulted Defendants"); *Lucas v.*

7

*Telemarketer Calling from (407) 476-5680*, No. 1:12–cv–00630, 2014 WL 5308573, at \*1-2 (S.D. Ohio 2014) ("The 'key question' we must consider now is whether[,] under the theory of the complaint, liability of all the defendants must be uniform.").

Although it is unclear in the Sixth Circuit whether *Frow* applies in instances of joint and several liability, the posture of this case supports deferring judgment on Count Two until Plaintiff's claim against Bowling is fully adjudicated. The finding that Bowling is not liable would preclude a judgment of joint and several liability. Defendant Bowling has asserted, as one defense, that he was not a party to the contract. Accordingly, it could be determined that LeBlanc is liable for the breach of contract, but Bowling is not. A finding at this time that Defendant LeBlanc is jointly and severally liable with Defendant Bowling is inherently inconsistent with a potential finding that Defendant Bowling is not at all liable. Deferring judgment on this claim at this time eliminates the risk of any inconsistency. Given the risk of inconsistent judgments between Defendants if default judgment is granted as to LeBlanc at this time, the undersigned recommends that Plaintiff's motion for default judgment be held in abeyance pending adjudication of the remainder of the case.

While the risk of inconsistent judgments undermines a default judgment on Count Two of the Complaint, there is no just reason for delay of the entry of judgment on the other claims. The remaining counts seek individualized damages from LeBlanc as to his breach of the other four contracts. The outstanding balance is $728,726.44. *See* D.E. 22 at 5. Each count in the Complaint concerns a separate contract with its own individual outstanding balance. Although none of Plaintiff's filings specifically identify when LeBlanc stopped making payments consistent with the contract, this significant sum has been outstanding since at least the time of filing of the Complaint in October of 2025. If judgment were entered as to the remaining claims, Plaintiff could begin collecting the balance through execution. Defendant Bowling, the only defendant who has

appeared in the case, has stated he has no objection to the default judgment. D.E. 16 at 2. Further, final judgment on the four outstanding contracts will enhance judicial economy by significantly reducing the scope of continued litigation.

### IV.    Conclusion

Based on the foregoing discussion, the undersigned **RECOMMENDS THAT:**

(1)    Plaintiff's Motion for Default Judgment (D.E. 15) be **GRANTED** against Defendant Paul L. LeBlanc on **Counts One, Three, Four, and Five** of the Complaint.

(2)    Plaintiff be awarded damages in the amount of **$728,726.44** on Counts One, Three, Four, and Five of the Complaint, as contemplated by the calculations in Plaintiff's supplemental affidavit (D.E. 22).

(3)    That the District Judge **DEFER** ruling upon Plaintiff's motion on **Count 2** as to Defendant LeBlanc until the case has been adjudicated as to Defendant Bowling.

Any objection must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 18th day of May, 2026.



Signed By:
*Hanly A. Ingram*
United States Magistrate Judge