UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOHN DEERE CONSTRUCTION & FORESTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 6:25-CV-00186-CHB-HAI |
| v. | ) ) ) | |
| JESS W. BOWLING, *et al.*, | ) ) ) | **ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition ("Recommendation") filed by United States Magistrate Judge Hanly A. Ingram on May 18, 2026, which recommends that Plaintiff John Deere Construction & Forestry Company's Motion for Entry of Default Judgment Against Defendant Paul L. LeBlanc, [R. 15], be granted. [R. 23]. The Magistrate Judge's Recommendation advised the parties that any objections must be filed within fourteen days, making the final date to file objections June 1, 2026. *Id.* at 9. To date, neither party has filed any objections to the Recommendation nor sought any further extension of time to do so. For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommendation and grant Plaintiff's underlying motion.

On October 26, 2025, Plaintiff brought this case against Defendants LeBlanc and Jess W. Bowling. [R. 1]. In the Complaint, Plaintiff brings five claims of breach of contract based on five separate written contracts: Counts I, III, IV, and V against LeBlanc only; and Count II against LeBlanc and Bowling as jointly and severally liable for breaching one of the contracts. *Id.* at 3–9. Although LeBlanc was properly served with summons on November 18, 2025, [R. 7], he has not

yet made an appearance or filed anything with the Court for this case. On December 23, 2025, the Clerk entered default against LeBlanc, [R. 10], and on March 12, 2026, Plaintiff filed the instant motion for default judgment against LeBlanc, [R. 15]. Specifically, Plaintiff seeks default judgment "against Defendant Paul L. LeBlanc in the amount of **$1,121,674.46**—individually in the amount of $729,734.24, and jointly and severally Defendant Jess W. Bowling in the amount of $391,945.22—plus cost, fees, and applicable post judgment interest under 28 U.S.C. § 1961." *Id.* at 3.

On March 17, 2026, Bowling—who has timely appeared and filed a responsive pleading, *see* [R. 9]—filed a Response and Limited Objection to Motion for Entry of Default Judgment, [R. 16]. In his response, Bowling objects only to default judgment being entered as to Bowling under Count II. *Id.* LeBlanc did not respond to the motion, nor did Plaintiff file a reply to Bowling's response. The Court thereafter referred this ripe motion to the Magistrate Judge for a Recommended Disposition. [R. 20]. The Magistrate Judge ordered Plaintiff to file a supplemental affidavit clarifying its calculation of damages, [R. 21], which Plaintiff provided on May 8, 2026, then arguing that LeBlanc is individually liable for $728,726.44 (Counts I, III, IV, and V) and jointly and severally liable for $391,766.22 (Count II), [R. 22]. The Magistrate Judge filed his Recommendation on May 18, 2026. [R. 23]. To date, no objections have been filed by any party and the time to do so has passed.

In first addressing whether Plaintiff pleaded sufficient facts in the Complaint to establish all the elements for breach of contract as to LeBlanc, the Magistrate Judge concluded that "[a]ccepting the facts in the Complaint, as well as the attached contracts, as true, the elements of breach of contract are met for all five claims." *Id.* at 3–4. Turning to the calculation of damages for LeBlanc's breach, the Magistrate Judge considered Plaintiff's proposed calculation in its initial

motion, its corresponding affidavit, and its supplemental affidavit, [R. 15]; [R. 15-1]; [R. 22], as well as the types of damages Plaintiff properly alleged in its Complaint and those that it had waived. *See* [R. 23, pp. 5–6]. Ultimately, the Magistrate Judge concluded that "[e]ach category of the requested damages is consistent with the relief requested in the Complaint. The undersigned further has confirmed Plaintiff's calculations are correct and devoid of typographical errors." *Id.* at 6. The Court has reviewed these filings and finds the same to be true.

Finally, the Magistrate Judge turned to the issue of joint and several liability under Count II. *Id.* at 6–9. First, the Magistrate concluded that "Bowling has appeared in the case and filed a timely responsive pleading; as such, Plaintiff is not entitled to default judgment against him." *Id.* at 6. Noting the legal complexities and case law relevant to granting default judgment in a multi-defendant case with a claim of joint and several liability, the Magistrate Judge determined that "the posture of this case supports deferring judgment on Count Two until Plaintiff's claim against Bowling is fully adjudicated." *Id.* at 8. The Magistrate Judge continued stating "[a] finding at this time that Defendant LeBlanc is jointly and severally liable with Defendant Bowling is inherently inconsistent with a potential finding that Defendant Bowling is not at all liable. Deferring judgment on this claim at this time eliminates the risk of any inconsistency." *Id.* Accordingly, the Magistrate Judge recommends that Plaintiff's motion for default judgment as it relates to Count II "be held in abeyance pending adjudication of the remainder of the case." *Id.*

As mentioned, the Magistrate Judge's Recommendation, entered on May 18, 2026, advised the parties that any objections must be filed within fourteen days. [R. 23, p. 9]. To date, the Court has still not received any objections to the Recommendation or requests for further extension from any party. Generally, this Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections

are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommended Disposition. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition, [**R. 23**], is **ADOPTED** as the opinion of this Court.

2. Plaintiff John Deere Construction & Forestry Company's Motion for Entry of Default Judgment Against Defendant Paul L. LeBlanc, [**R. 15**], is **GRANTED** as to Counts I, III, IV, and V. The Court **DEFERS** ruling upon Plaintiff's motion on Count II as to Defendant LeBlanc until the case has been adjudicated as to Defendant Jess W. Bowling.

3. A separate Default Judgment shall be issued.

This the 11th day of June, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY